**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Supreme Court**

The State, Respondent,

v.

Philip David Guderyon, Petitioner.

Appellate Case No. 2023-000633

_____

**ON WRIT OF CERTIORARI TO THE COURT OF APPEALS**

_____

Appeal From Horry County
Benjamin H. Culbertson, Circuit Court Judge

_____

Memorandum Opinion No. 2025-MO-028
Heard September 10, 2024 – Filed February 12, 2025

_____

**REVERSED AND REMANDED**

_____

Deputy Chief Appellate Defender Wanda H. Carter, of Columbia, for Petitioner.

Attorney General Alan McCrory Wilson and Assistant Attorney General Joshua Abraham Edwards, both of Columbia; and Solicitor Jimmy A. Richardson, II, of Conway, all for Respondent.

_____

**PER CURIAM:** Philip David Guderyon was charged with assault and battery of a high and aggravated nature (ABHAN) for punching Justin Hodges once in the head, causing Hodges' death. At trial, Guderyon admitted he struck Hodges but argued he acted in self-defense because he feared Hodges was going to punch him. The trial court charged the jury on self-defense, stating in order for self-defense to apply the defendant must have been in or believed he was "in imminent danger of death or serious bodily injury." Guderyon objected, arguing a defendant does not have to be in fear of death or great bodily injury to act in self-defense. The trial court acknowledged Guderyon's argument but overruled the objection, stating it was bound by our state's precedent that one is only "entitled to defend yourself in cases where you reasonably fear death or serious bodily injury." The jury found Guderyon guilty as charged.

Guderyon appealed to the court of appeals, asserting the trial court erred in instructing the jury that for self-defense to apply one must have been in fear of death or serious bodily injury. *State v. Guderyon*, 438 S.C. 476, 488, 884 S.E.2d 202, 208 (Ct. App. 2022). Like the trial court, the court of appeals acknowledged Guderyon's argument had merit but, nevertheless, affirmed the charge as given because it reflected current South Carolina law. *Id*. at 491–92, 884 S.E.2d at 210. The court of appeals noted our courts "may need to address" the issue of whether self-defense can apply when one is defending oneself from something less than deadly force, but it stated such circumstances did "not exist here." *Id*. at 491, 884 S.E.2d at 210.

We granted Guderyon's petition for a writ of certiorari to decide whether self-defense applies when a defendant defends himself from an attack that threatens something less than death or serious bodily injury. At the time we granted certiorari, as aptly noted by the trial court and court of appeals, there were no modern South Carolina cases addressing this issue. However, earlier this year, we addressed the issue, holding:

> The law requires a person fear imminent *serious* harm or death before using deadly force to defend oneself because the use of defensive force is justified only to the extent such force is proportional to the threat the person faces. Where the provoking attack is less serious, a person may still be justified in responding, but only with proportional force. Thus, there is no requirement the defendant anticipate serious bodily injury or death before responding with non-deadly force in self-defense.

*State v. Stoots*, Op. No. 28253 (S.C. Sup. Ct. filed Jan. 23, 2025) (Howard Adv. Sh. No. 4 at 11, 16). Accordingly, Guderyon was entitled to have the jury instruction he sought: that one may use proportional, non-deadly force to defend himself from a reasonable threat of bodily harm. *See McClary v. State*, 287 S.C. 160, 161, 337 S.E.2d 218, 218 (1985) (providing the retroactive effect of this court's opinions updating jury charges to be given in criminal cases "will be limited to cases pending on direct appeal").

Self-defense jury charges must be tailored to fit the facts of each case, including whether the facts warrant charging the jury with a "traditional" deadly self-defense jury instruction, a non-deadly self-defense jury instruction as recognized by *Stoots*, or—if supported by the evidence—both instructions. *See State v. Day*, 341 S.C. 410, 418, 535 S.E.2d 431, 435 (2000) ("[A] trial [court] should specifically tailor the self-defense instruction to adequately reflect the facts and theories presented by the defendant."). In this case, the evidence supports both a deadly self-defense jury charge and a non-deadly self-defense jury charge. Guderyon told police he felt threatened by Hodges, who was much larger than Guderyon, and he only hit Hodges because he believed Hodges was going to hit him. Two of Guderyon's cell mates corroborated Guderyon's version, stating they witnessed the incident. They testified Hodges was larger than Guderyon, and it appeared Hodges was going to hit Guderyon or perhaps even tried to strike Guderyon first. The evidence also showed Guderyon was a trained kickboxer, who struck Hodges in the head, and the punch caused Hodges to fall, suffer brain damage, and ultimately die. A jury could reasonably infer that although the threat of Hodges' punch did not reasonably place Guderyon in fear of imminent danger of death or serious bodily injury, it did cause him to reasonably fear some harm, and Guderyon defended himself proportionately. On the other hand, a jury could reasonably infer self-defense did not apply because Guderyon intentionally used deadly force or force that was otherwise disproportional. *See id.* at 416–17, 535 S.E.2d at 434 ("If there is any evidence in the record from which it could reasonably be inferred that the defendant acted in self-defense, the defendant is entitled to instructions on the defense, and the trial judge's refusal to do so is reversible error."). Accordingly, we reverse Guderyon's conviction for ABHAN and remand for a new trial.

Guderyon also argues a person has no duty to retreat before using non-deadly force to defend himself. This issue is not preserved for our review because Guderyon did not make this argument to the trial court. *See State v. Daniels*, 401 S.C. 251, 255, 737 S.E.2d 473, 475 (2012) ("It is axiomatic that a party cannot raise an objection to a jury charge for the first time on appeal."). Nonetheless, *Stoots* also decided this issue, declining "to establish a bright-line rule about the duty to retreat in all

situations involving non-deadly self-defense," and, instead, holding "the law requires a person facing non-deadly force to act reasonably in deciding whether it is necessary to respond with defensive force instead of stepping back or otherwise avoiding engagement with the adversary." *Stoots*, Op. No. 28253, at 16.

**REVERSED AND REMANDED.**

**KITTREDGE, C.J., FEW, JAMES, HILL, and VERDIN, JJ., concur.**